IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOHN DOE,

    Plaintiff,

    v.

REALPAGE, INC., a/k/a
LeasingDeskScreening,

    Defendant.

Case No. 2:24-cv-219

## ORDER

Before the Court is Plaintiff John Doe's "Motion for Protective Order and to Proceed in Pseudonym." ECF No. 5. The Court has considered the arguments in the briefing and concluded there is no need to hold a hearing on the motion. E.D. Va. Civ. R. 7(J). For the reasons stated herein, the motion is **GRANTED.**

Federal courts recognize a strong presumption of openness in judicial proceedings that generally requires the disclosure of the identities of the parties to the litigation. *See* Fed. R. Civ. P. 10(a) (stating that titles of civil complaints filed in federal district courts must include the names of all parties to the action). This presumption recognizes that "[i]dentifying the parties to judicial proceedings is a vital component of the courts' facilitation of public access to and public scrutiny of judicial proceedings." *Candidate No. 452207 v. CFA Institute*, 42 F. Supp. 3d 804, 807 (E.D. Va. 2012). However, under appropriate circumstances federal district courts may allow plaintiffs to proceed either anonymously or pseudonymously. *James v.*

*Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (stating that "[t]he rule rather is that under appropriate circumstances anonymity may, as a matter of discretion be permitted" because the presumption of open judicial proceedings "operates only as a presumption and not as an absolute unreviewable license to deny").

When exercising this discretion, the Fourth Circuit has instructed courts to balance "the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014). The Fourth Circuit has identified a non-exhaustive list of factors for courts to consider when balancing these competing interests, including:

> (1) Whether the party's justification is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
>
> (2) Whether identification poses a risk of retaliatory physical or mental harm to the party or non-parties;
>
> (3) The ages of the persons who are requesting to proceed via pseudonym;
>
> (4) Whether the action is against the government or a private party; and
>
> (5) The risk of the unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James*, 6 F.3d at 238–39.

The relevant factors weigh in favor of allowing the plaintiff to proceed anonymously. The plaintiff's justification for proceeding anonymously is to avoid the harmful damage of having his expunged criminal record attached to his name. ECF

2

No. 6 at 6. The plaintiff was charged with and ultimately acquitted of assaulting his former spouse. *Id.* at 7. Criminal records—especially those that relate to allegations of domestic violence—are sensitive and highly personal in nature. *See Doe v. Va. Polytechnic Inst. and State Univ.*, No. 7:19-cv-249, 2020 WL 1287960, at *3 (W.D. Va. Mar. 18, 2020) ("Like sexual misconduct, allegations of domestic violence or abusive dating relationships involve sensitive and highly personal facts that can invite harassment and ridicule."). The sensitive and highly personal nature of criminal records is evidenced by the fact that many states—including Maryland where the plaintiff was charged—have expungement statutes. *E.g.*, Md. Code, Crim. Proc. § 10-110. These statutes exist because a criminal conviction, or even a criminal charge, has collateral consequences beyond mere embarrassment, or reputational harm. *Cf. Candidate No. 452207*, 42 F. Supp. 3d at 808 (denying a motion for leave to proceed anonymously in part because the plaintiff's "interests in avoiding embarrassment, criticism, and reputational harm are not privacy interests in a matter of an especially sensitive or highly personal nature").

The risk of unfairness to the defendant is minimal. The Court sees no reason—and the defendant does not offer any—why the defendant would not be able to litigate this case fully and fairly if the plaintiff proceeds anonymously. In fact, the defendant neither filed a response nor requested leave to do so. *But see* ECF No. 7 (defendant's motion for an extension to file an extension of time to answer the Complaint). The defendant's non-response suggests that the risk of unfairness is low.

After considering all the relevant factors, the Court finds that the plaintiff's stated interest in anonymity outweighs the public's interest in openness and any prejudice that anonymity would pose to the opposing party. Accordingly, Plaintiff John Doe's "Motion for Protective Order and to Proceed in Pseudonym" (ECF No. 5) is **GRANTED.**

It is **ORDERED** that all parties shall take all necessary actions to protect the identity of Plaintiff John Doe from disclosure to the public, including but not limited to: redacting his name from publicly filed documents, using the pseudonym "John Doe" in all instances, and in instances in which redaction is not possible in the public filing of documents or other papers, filing that document under seal in accordance with E.D. Va. Civ. R. 5.

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/
Jamar K. Walker
United States District Judge

Norfolk, Virginia
May 23, 2024

4